IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS J. ORLOFF, et al,<br><br>    Defendants. | No. C 07-3929 TEH (PR)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915 (g)<br><br>(Docket No. 2) |

    Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison and a frequent litigant in the federal courts, has filed a pro se complaint under 42 U.S.C. § 1983 complaining about "a criminal pattern of failing to adequately investigate citizens complaint [sic] against the State of California Police officials." Plaintiff has also filed a motion seeking to proceed in forma pauperis (docket no. 2).

    Under the PLRA, a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Andrews v. King, 398 F.3d 1113 (9th Cir. 2005). For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a

1  claim on which relief may be granted" parallels the language of Federal Rule of
2  Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous"
3  refers to a case that is "'of little weight or importance: having no basis in law or
4  fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire
5  to harm another.'"  Id. at 1121 (citation omitted).  Only cases within one of these
6  three categories can be counted as strikes for § 1915(g) purposes, so the mere fact
7  that Plaintiff has filed hundreds of cases and appeals does not alone warrant
8  dismissal under § 1915(g).  See id.  Rather, dismissal of an action under §
9  1915(g) should only occur when, "after careful evaluation of the order dismissing
10 an [earlier] action, and other relevant information, the district court determines
11 that the action was dismissed because it was frivolous, malicious or failed to state
12 a claim."  Id.

13      Andrews requires that the prisoner be given notice of the potential
14 applicability of § 1915(g).  Id.  Andrews implicitly allows the court to sua sponte
15 raise the § 1915(g) problem, but requires the court to notify the prisoner of the
16 earlier dismissals it considers to support a § 1915(g) dismissal and allow the
17 prisoner an opportunity to be heard on the matter before dismissing the action.
18 See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot
19 proceed with his action as a pauper under § 1915(g), but he still may pursue his
20 claims if he pays the full filing fee at the outset of the action.

21      A review of the dismissal orders in Plaintiff's prior prisoner actions before
22 this Court reveals that Plaintiff has had at least three such cases dismissed on the
23 ground that they were frivolous, malicious, or failed to state a claim upon which
24 relief may be granted.  Plaintiff has also been previously denied in forma
25 pauperis status by this Court under § 1915(g). See Green v. Dept. of Corrections,
26 Case 04-cv-5288 TEH (N.D. Cal. Dec. 20, 2004) (order of dismissal).  Plaintiff is
27
28                                           2

now given notice that based on the Court's observation of the orders in these earlier cases, the Court finds the following dismissals constitute applicable dismissals under § 1915(g): (1) Green v. City of Oakland, Case No. 3:02 -cv- 05232 TEH (N.D. Cal. Dec. 18, 2002) (order of dismissal for failure to state a claim); (2) Green v. Hammond, Case No. 3:02-cv-04817-TEH (N.D. Cal. Dec. 17, 2002) (order of dismissal for failure to state a claim); and (3) Green v. Goodman, Case No. 3:07-cv-02022-TEH (N. D. Cal. Apr. 18, 2007) (order of dismissal for failure to state a claim). See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these orders, Plaintiff is ORDERED TO SHOW CAUSE in writing filed no later than **thirty (30) days from the date of this order** why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff has not alleged that his complaint is exempt from the requirements of § 1915(g) on the grounds that he is in imminent danger of serious physical injury as a result of the allegations in the complaint. In the alternative to showing cause why this action should not be dismissed, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by the deadline.

SO ORDERED.

DATED:  11/29/07

_____
THELTON E. HENDERSON
United States District Judge

3