IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN,<br><br>        Plaintiff,<br><br>   vs.<br><br>THOMAS J. ORLOFF, et al,<br><br>        Defendants. | No. C 07-03929 TEH (PR)<br><br>ORDER ADDRESSING<br>PENDING MOTIONS<br><br>(Docket Nos. 5, 6 & 7) |

      Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison and a frequent litigant in the federal courts, has filed a pro se complaint under 42 U.S.C. § 1983 complaining about "a criminal pattern of failing to adequately investigate citizens complaint [sic] against the State of California Police officials." Plaintiff did not pay the filing fee and seeks to proceed in forma pauperis under 28 U.S.C. § 1915. Because Plaintiff had at least three prior prisoner actions which were dismissed on the grounds that the claims were frivolous, malicious, or failed to state a claim upon which relief may be granted and because Plaintiff did not allege imminent danger of serious physical injury at the time he failed his complaint, the Court ordered Plaintiff by order filed December 3, 2007, to show cause why this action should not be dismissed pursuant to § 1915(g) or alternatively, to pay the full filing fee to avoid dismissal within thirty days of the order. Plaintiff did not comply in the time provided.

      On January 14, 2008, Plaintiff filed a late motion for immediate injunctive relief or time extension (Docket No. 6). In the interests of justice, Plaintiff is

granted a one-time extension of **thirty (30) days** from the date this order is filed to either: 1) file an answer to the Court's order to show cause; or 2) to pay the full filing fee.

Plaintiff's motion for immediate injunctive relief (Docket No. 6) and emergency request for preliminary injunction (Docket No. 7) are DENIED without prejudice for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements.

Plaintiff's motion for appointment of counsel (Docket No. 5), is DENIED for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

SO ORDERED.

DATED: 04/07/08

THELTON E. HENDERSON
United States District Judge

2