IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LONZELL GREEN,

    Plaintiff,

  vs.

THOMAS J. ORLOFF, et al,

    Defendants.
                              /

No. C 07-03929 TEH (PR)

ORDER ADDRESSING PENDING MOTIONS

(Docket Nos. 10, 11)

      Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison and a frequent litigant in the federal courts, has filed a pro se complaint under 42 U.S.C. § 1983 complaining about "a criminal pattern of failing to adequately investigate citizens complaint [sic] against the State of California Police officials." Plaintiff did not pay the filing fee and seeks to proceed in forma pauperis under 28 U.S.C. § 1915. On December 3, 2007, the Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to § 1915(g) or, alternatively, to pay the full filing fee to avoid dismissal within thirty days of the order. On April 4, 2008, the Court granted Plaintiff an extension of time to comply with the December 3, 2007, order.

**Motion for Extension of Time**

      On May 13, 2008, Plaintiff filed a late motion for a further extension of time. (Docket No. 11.)  In the interests of justice, Plaintiff is GRANTED a final extension of **thirty (30) days** from the date this order is filed to either: 1) file an answer to the Court's order to show cause; or 2) to pay the full filing fee.

**Motion for Appointment of Prison Manager or Operator**

On April 16, 2008, Plaintiff filed an ex parte motion for appointment of certified prison management or operations in order to assist Plaintiff in getting access to telephones. (Docket No. 10.) Plaintiff's motion is construed as a motion for preliminary injunctive relief and is denied without prejudice for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (or in this case, Plaintiff himself) certifies in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A), (B). Because Plaintiff has not satisfied these requirements, the motion is DENIED without prejudice. (Docket no. 10.)

**IT IS SO ORDERED.**

DATED:   05/21/08

THELTON E. HENDERSON
United States District Judge

2