1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT
6            FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   LONZELL GREEN,                    )
                                      )
9           Plaintiff(s),              )    No. C 07-3929 TEH (PR)
                                      )
10      vs.                            )    ORDER OF DISMISSAL
                                      )
11  THOMAS J. ORLOFF, et al,           )    (Docket nos. 2, 13)
                                      )
12          Defendant(s).              )
                                      )
13

        Plaintiff, currently incarcerated at California State Prison-Sacramento in Represa, California and a frequent litigator in this Court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 seeking damages for the allegedly unconstitutional actions of the Alameda County District Attorney and Deputy District Attorney, the Oakland Police Department Internal Affairs Investigator, the California State Bar Investigators, the California Attorney General, and the California Commission on Judicial Performance.

        Plaintiff has previously filed multiple actions against Alameda County Judge Goodman, based on his contention that Judge Goodman's use of judicial power with regard to a state habeas petition resulted in an obstruction of justice, which were dismissed based on his immunity from suit and as duplicative of each other. See, Case No. C 07-2022 TEH (PR); Case No. C 07-3050 TEH (PR). Plaintiff's prior attempt to file a federal habeas corpus petition in this Court was dismissed as a second or successive petition. See, Case No. C 07-6097 TEH

(PR).

Plaintiff here complains that these Defendants have conspired with the Alameda County Superior Court Judge to deprive him of his rights by failing to uncover unlawful actions by the Alameda District Attorney's office in manufacturing evidence against Plaintiff, resulting in Plaintiff's murder conviction not being set aside. Plaintiff alleges that he has been convicted of these charges, and that the state habeas action brought based on this allegedly manufactured evidence did not result in Plaintiff's conviction being set aside or otherwise invalidated.

Plaintiff has filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915 (docket no. 2) as well as the filing fee for this action. Therefore, the motion is now DENIED as moot (docket no. 2).

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

2

B. <u>Legal Claims</u>

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Id.</u> at 487.

When a prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>See id.</u> <u>Heck</u> bars claims which necessarily implicate the validity of pending criminal charges. <u>See</u> <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000). If success in the § 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings). <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005); <u>Osborne v. District Attorney's Office</u>, 423 F.3d 1050, 1053 (9th Cir. 2005).[1]

A judgment in favor of the Plaintiff here would imply the invalidity of his murder conviction. The instant allegations therefore fail to state a cognizable

---

[1] To the extent that Plaintiff seeks criminal prosecution of Defendants, that relief is not available through a civil suit.

3

claim under § 1983 and must be DISMISSED without prejudice. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). [2]

**CONCLUSION**

For the foregoing reasons, the instant allegations are DISMISSED without prejudice to reasserting them in a new complaint if his conviction is set aside or otherwise invalidated. The Clerk shall enter judgment in accordance with this order, terminate all pending motions and close the file.

SO ORDERED.

DATED:   09/03/08

THELTON E. HENDERSON
United States District Judge

---

[2] And to whatever extent Plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998). Any such claim therefore is dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d at 586.

4